UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INES FIGUEROA,<br><br>                      Plaintiff,<br><br>v.<br><br>PONCE DE LEON FEDERAL BANK,<br><br>                      Defendant. | Civil Action No. 11-CIV-7633-PAC-HBP<br><br>**MEMORANUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

**PRELIMINARY STATEMENT**

Defendant Ponce De Leon Federal Bank ("Defendant") submits this memorandum of law, pursuant to Fed. R. Civ. P. 12(b)(6), in support of Defendant's Motion to Dismiss the Complaint. The Complaint should be dismissed because it is (a) untimely as a matter of law and (b) barred by an administratively approved settlement agreement of Plaintiff's previous claim (based upon the same facts) which included a complete release for all claims prior to the agreement.

**ARGUMENT**

Plaintiff Ines Figueroa ("Plaintiff") filed a pro se action against Defendant Ponce De Leon Federal Bank. Plaintiff's filing contains a significant number of documents which seek to support an action for discrimination on multiple protected classes, including age, color, and race. Based upon the materials provided with the Complaint and on the face of the Complaint itself it is manifestly clear that this action is well past any applicable statute of limitation and should be dismissed.

This Complaint was filed after the Equal Employment Opportunity Commission issued a finding of no probable cause, and issued a right to sue letter on October 5, 2011 dismissing the charge filed September 13, 2011 as time bound. This is supported by the

nydocs1-980390.2

questionnaire filed by the Plaintiff in this action. Plaintiff claims that the discriminatory acts last occurred in 2007 and that all discrimination ended when she left the employ of the Bank in 2007. *See* Statement of Claim parts B and C. In particular, Statement of Claim parts B and C contain the following:

> B.   It is my best recollection that the alleged discriminatory acts occurred on: 1994-2007
>
> C.   I believe that Defendant(s) (check one):
>
> ___ is still committing these acts against me. [left blank]
>
> _x_ is still not committing these acts against me. (I left year 2007) [checked].

*See id.* Accordingly, under all of the applicable statutes, the limitation period is long passed. *See* 42 U.S.C.A. § 2000E-5(e) (three hundred days); 29 U.S.C.A. §626(d) (three hundred days); N.Y. EXEC. LAW § 297(5) (McKinney's 2011) (one year); NEW YORK, N.Y., ADMIN. CODE § 8-502(d) (three years).

Moreover, also submitted as part of her charge is an administratively approved settlement agreement of her claims, also dating back to 2007.[1] The "Order After Stipulation of Settlement" in *Inez Figueroa v. Ponce Deleon (sic) Federal Bank, Jerome Bohringer*, NY State Division of Human Rights, Case No. 10108250, dated September 19, 2007, inter alia, provides:

> The agreed-upon terms set forth in the aforesaid Stipulation of Settlement are herein adopted and incorporated by reference. On the basis of the foregoing and pursuant to the Rules of Practice of the Division, it is hereby ordered that the settlement and discontinuance stipulated and agreed upon by the parties herein be, and the same hereby is, made the Order of the Commissioner.

---

[1] This document having been filed by Plaintiff with the Complaint and in support of the Complaint may be considered as part and parcel of this Complaint. *See Genna v. SUNY Downstate Medical Center*, No. 07-cv-2435, 2008 WL 3334038, at *2 (E.D.N.Y. 2008).

nydocs1-980390.2

The settlement agreement provides in Section 5 for a complete release of all claims until the effective date of the agreement. Therefore, the matter was released almost five years ago—without challenge.

Based upon the above, Defendant respectfully requests that this suit be dismissed with prejudice, and without the opportunity to amend. Quite simply, there is no conceivable amendment which could state a claim upon which relief might be granted. *See Genna*, 2008 WL 3334038.

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that Defendant Ponce De Leon Federal Bank's motion should be granted and that this suit should be dismissed with prejudice and without the opportunity to amend.

Dated:  New York, New York
        December 28, 2011

**ANDERSON KILL & OLICK, P.C.**

By:/s/ Peter A. Halprin
Peter A. Halprin
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 278-1165
Fax: (212) 278-1733

*Attorneys for Defendant Ponce De Leon Federal Bank*