UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INES FIGUEROA,

                      Plaintiff,

v.

PONCE DE LEON FEDERAL BANK,

                      Defendant.

Civil Action No. 11-CIV-7633-PAC-HBP

**DEFENDANT'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

      Defendant Ponce De Leon Federal Bank ("Defendant") respectfully submits this Memorandum of Law in further support of Defendant's Motion to Dismiss (the "Motion") and in reply to Plaintiff's Opposition to the Motion (the "Opposition").

## ARGUMENT

      The Opposition filed by Plaintiff Ines Figueroa ("Plaintiff") does not create an issue of law or fact upon which there is any reasonable basis for this matter to continue. Nothing in the Opposition challenges two irrefutable defenses.

      First, Plaintiff's claims are time barred. Even if taken as true (which it is not), the Complaint states that the last alleged discrimination purportedly occurred in 2007. Plaintiff admits in Paragraph 1 of her Affirmation filed in connection with the Opposition that the statute of limitations has long expired. Plaintiff filed charges with the Equal Employment Opportunity Commission and the New York State Division of Human Rights, demonstrating that she was undeniably aware of what happened and she took action to contest the actions she opposed. Consequently, there can be no legitimate allegation that any fraud on Defendant's part hid the purported violations from her. Plaintiff was sufficiently aware of her possible causes of action to hire counsel and file actions. Accordingly, there is no basis upon which to permit this matter to proceed as the time for any conceivable action has long expired.

nydocs1-983155.1

Second, Plaintiff's claims were fully litigated and resolved. There is no denial that Plaintiff filed an action and was represented by counsel – first private counsel and then counsel provided by the New York State Division of Human Rights. Moreover, in 2007, Plaintiff settled that action for significant consideration and granted releases, a settlement that was even approved by an administrative court (as explained in Defendant's Motion). Plaintiff has provided no facts which can support that the release was fraudulently obtained under these circumstances. Plaintiff's Opposition merely recites what happened while she was employed by Defendant – all actions which occurred prior to 2007 and the approved settlement. Accordingly, not only is this matter time barred, there is a valid release that went unchallenged for over four years. Put another way, the matter is also res judicata. It has been previously litigated to conclusion with a court order (i.e. approval of the settlement) that was never appealed.

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that Defendant Ponce De Leon Federal Bank's motion should be granted and that this suit should be dismissed with prejudice and without the opportunity to amend.

Dated:   New York, New York
         February 14, 2012

                                              **ANDERSON KILL & OLICK, P.C.**
                                              By:/s/ *Peter A. Halprin*
                                                    Peter A. Halprin
                                                    1251 Avenue of the Americas
                                                    New York, NY 10020
                                                    Tel: (212) 278-1165
                                                    Fax: (212) 278-1733

                                              **SHUMAKER WILLIAMS, P.C.**

                                                    Marc G. Tarlow
                                                    1 East Market Street, Suite 301
                                                    York, PA  17401
                                                    Tel.: 717-848-5134
                                                    Fax: 717-848-5125
                                                    *Pro Hac Vice* Admission Pending

                                                    *Attorneys for Defendant Ponce De Leon*
                                                    *Federal Bank*

nydocs1-983155.1