```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

INES FIGUEROA,                       :

                 Plaintiff,          :   11 Civ. 7633 (PAC)(HBP)

    -against-                        :   REPORT AND
                                         RECOMMENDATION
PONCE DE LEON FEDERAL BANK,          :

                 Defendant.          :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE PAUL A. CROTTY, United States District Judge,

I. Introduction

Plaintiff brings this action pro se against her former employer, Ponce De Leon Federal Bank ("Ponce De Leon"), alleging employment discrimination on the basis of her race and color in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., The New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq., and The New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 et seq.  Plaintiff also alleges employment discrimination on the basis of her age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634.

By notice of motion dated December 28, 2011 (Docket Item 9), Ponce De Leon has moved to dismiss the complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the reason set forth below, I respectfully recommend that the forgoing motion to dismiss be granted in its entirety.

II. Facts

A. Background

Plaintiff alleges the following facts. Plaintiff was employed by defendant from 1994 through 2007 as a mortgage processor (Amended Complaint, dated Nov. 16, 2011 (Docket Item 8), ("Am. Compl.") at 10). Plaintiff filed a complaint with the New York Division of Human Rights ("NYDHR") in 2005 alleging that she had twice been passed over for promotion in favor of younger employees (Am. Compl. at 28-33).[1] Plaintiff settled her discrimination claim in 2007 for the amount of $43,000 (Am. Compl. at 35-46). Plaintiff now adds that Ponce De Leon retaliated against her for filing the discrimination complaint by

---

[1] The complaint filed with the NYDHR, its decision and all corresponding documentation are annexed to the amended complaint.

humiliating her in front of other employees when other promotions were announced (Am. Compl. at 17). Plaintiff also claims she was mistreated by three consecutive supervisors (Am. Compl. at 4).

    B.    <u>Recent Procedural History</u>

Plaintiff filed a new complaint with the EEOC on September 9, 2011 (Am. Compl. at 23-27). Plaintiff's 2011 complaint expressly states that the most recent act of alleged discrimination in issue took place in 2007 (Am. Compl. at 23). The EEOC dismissed the claim as untimely on October 5, 2011 and issued a right to sue letter on that date (Am. Compl. at 5-7). Plaintiff now brings suit because she believes there was "misrepresentation" on the part of her lawyers at the time her original complaint was filed with the NYDHR in 2005 (Am. Compl. at 11),[2] and that the original settlement was the result of "oppression" and "suppression" (Plaintiff's Reply Affirmation, dated Feb. 9, 2012 (Docket Item 22), ("Pl. Rep. Aff.") at 1). Plaintiff claims she suffers from "post-traumatic depression" as a result (Am. Compl. at 4) and requests the Court "to reconsider an investigation . . . in order to do [J]ustice" (Pl. Rep. Aff.

---

[2] Plaintiff filed a separate complaint against her former lawyers with the Departmental Disciplinary Committee of the First Judicial Department (Am. Compl., Part 2, at 11-14).

at 2).

Defendant moved to dismiss plaintiff's complaint on two bases: (1) because plaintiff's employment with defendant terminated in 2007, and plaintiff herself admits that no discriminatory acts are ongoing, her claims are untimely, and (2) the settlement agreement plaintiff signed in 2007 provided for the release of all claims (Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss, filed Dec. 28, 2011 (Docket Item 10)).

III. Analysis

    A.    Standards Applicable to
          a Motion to Dismiss
          Pursuant to Rule 12(b)(6)

The standards applicable to a motion to dismiss pursuant to Rule 12(b)(6) are well-settled and require only brief review.

> When deciding a motion to dismiss under Rule 12(b)(6), [the court] must accept as true all well-pleaded factual allegations of the complaint and draw all inferences in favor of the pleader. See City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493, 106 S.Ct. 2034, 90 L.Ed.2d 480 (1986); Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977) (referring to "well-pleaded allegations"); Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). "'[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in

4

> it by reference.'" Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)). The Court also may consider "matters of which judicial notice may be taken." Leonard T. v. Israel Discount Bank of New York, 199 F.3d 99, 107 (2d Cir. 1999) (citing Allen v. WestPoint-Pepperill, Inc., 945 F.2d 40, 44 (2d Cir. 1991)). In order to avoid dismissal, a plaintiff must do more than plead mere "[c]onclusory allegations or legal conclusions masquerading as factual conclusions." Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000) (quoting 2 James Wm. Moore, Moore's Federal Practice ¶ 12.34[a][b] (3d ed. 1997)).

Hoffenberg v. Bodell, 01 Civ. 9729 (LAP), 2002 WL 31163871 at *3 (S.D.N.Y. Sept. 30, 2002) (Preska, D.J.); see also In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007); Johnson & Johnson v. Guidant Corp., 525 F. Supp. 2d 336, 345-46 (S.D.N.Y. 2007) (Lynch, then D.J., now Cir. J.).

    B.    Timeliness of Plaintiff's Claims

A complaint may be dismissed as untimely under Rule 12(b)(6) when the plaintiff's allegations themselves demonstrate that relief is barred by the applicable statute of limitations. Jones v. Bock, 549 U.S. 199, 214-15 (2007); see Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989). "Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise [that] affirmative defense in a pre-answer motion to dismiss" under Rule 12(b)(6).

<u>Ghartey v. St. John's Queens Hosp.</u>, <u>supra</u>, 869 F.2d at 162 (citations omitted). Because the amended complaint sets forth the dates of the events giving rise to plaintiff's claims, there is no impediment to addressing defendant's timeliness arguments notwithstanding the fact that they are raised in a motion to dismiss.

Discrimination claims brought under Title VII and the ADEA must be filed with the EEOC within 300 days of the alleged discriminatory act. <u>See</u> <u>Cuttler v. Fried, Frank, Harris, Shriver & Jacobson, LLP</u>, 10 Civ. 296 (DAB), 2012 WL 1003511 *4 (S.D.N.Y. Mar. 23, 2012) (Batts, D.J.), <u>citing</u> 42 U.S.C. § 200e-5(e)(1); 42 U.S.C. § 12117(a), <u>and</u> <u>Petrosino v. Bell Atlantic</u>, 385 F.3d 210, 219 (2d Cir. 2004). "The filing period begins to run for each discrete discriminatory act when each such act occurs." <u>Murray v. Visiting Nurse Servs.</u>, 528 F. Supp. 2d 257, 266 (S.D.N.Y. 2007) (Sullivan, D.J.), <u>citing</u> <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 114 (2002). "This statutory requirement is analogous to a statute of limitations." <u>Van Zant v. KLM Royal Dutch Airlines</u>, 80 F.3d 708, 712 (2d Cir. 1996).

Plaintiff affirmatively alleges in her amended complaint that the last discriminatory act took place in 2007 (Am. Compl. at 3). Plaintiff confirms this fact in her opposition papers and offers no colorable argument why her claims

6

are timely (Affirmation of Ines Figueroa in Opposition to Defendant's [Motion] for Summary Judgement, dated Feb. 6, 2012 (Docket Item 23), at 2). Plaintiff's filing with the EEOC on September 9, 2011 was clearly untimely as it was well beyond the 300 day limitation. Accordingly, plaintiff's claim is time-barred and defendant's motion to dismiss is granted.[3]

IV. Conclusion

For the foregoing reason, I respectfully recommend that the motion to dismiss made by defendant Ponce De Leon Federal Bank (Docket Item 9) be granted in its entirety. If accepted, this Report and Recommendation will result in the dismissal of all claims against Ponce De Leon Federal Bank.

V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6(a) and 6(d). Such objections (and responses thereto) shall

---

[3] Because the untimeliness of the claim is clear and incontrovertible, I do not reach Ponce De Leon's argument that plaintiff has released all the claims she is attempting to assert here.

7

be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, United States District Judge, 500 Pearl Street, Room 735, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir. 1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        July 2, 2012

                                    Respectfully submitted,

                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies mailed to:

Ms. Ines Figueroa
1001 Jerome Avenue (9A)
Bronx, New York 10452

Peter A. Halprin, Esq.
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, New York  10020

Marc G. Tarlow, Esq.
Shumaker Williams, P.C.
1 East Market Street, Suite 301
York, Pennsylvania 17401