UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
INES FIGUEROA,                              :
                                            :
              Petitioner,                :
                                            :
    -against-                               :
                                            :
PONCE DE LEON FEDERAL BANK,                 :
                                            :
              Respondent.               :
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: August 10, 2012

11 Civ. 7633 (PAC) (HBP)

ORDER ADOPTING R&R

HONORABLE PAUL A. CROTTY, United States District Judge:

      Pro se plaintiff Ines Figueroa ("Plaintiff") brings this action against her former employer, Ponce De Leon Federal Bank ("Ponce De Leon") for race discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., The New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq., and The New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 et seq.  Plaintiff also alleges age discrimination, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-34.

      On December 28, 2011, Ponce De Leon moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the complaint for failure to state a claim.  On July 2, 2012, Magistrate Judge Henry Pitman issued a Report and Recommendation ("R&R"), recommending that the Court grant Ponce De Leon's motion to dismiss.  On July 13, 2012, Plaintiff filed objections to the R&R.[1]

      For the reasons that follow, the Court adopts Magistrate Judge Pitman's Report and Recommendation in its entirety.  Ponce De Leon's motion to dismiss is, therefore, GRANTED.

---

[1] While Plaintiff submitted a "memorandum of law" in "support" of her allegations, the Court treats Plaintiff's submission as her objections to the R&R.

## BACKGROUND[2]

### I. Facts

From 1994 through 2007, Plaintiff was employed by Ponce De Leon as a mortgage processor. In 2005, Plaintiff filed a complaint with the New York Division of Human Rights ("NYDHR"), alleging she had been passed over for promotion in favor of younger employees on two separate occasions. In 2007, Plaintiff settled her discrimination claim for $43,000.

### II. Procedural History

On September 9, 2011, Plaintiff filed a new complaint with the EEOC alleging discrimination, in which she added claims that Ponce De Leon retaliated against her for filing the discrimination complaint by humiliating her in front of other employees when promotions were announced. Plaintiff also claims she was mistreated by three consecutive supervisors. Plaintiff's 2011 complaint expressly states that the most recent act of discrimination took place in 2007. On October 5, 2011, the EEOC dismissed Plaintiff's claims as untimely and issued a right to sue letter. Plaintiff now brings suit, claiming that her lawyers made a "misrepresentation" when her original complaint was filed with the NYDHR in 2005, and that the original settlement was the result of "oppression" and "suppression." Plaintiff also claims she suffers from "post-traumatic depression" as a result and requests the Court to reconsider an investigation.

Ponce De Leon moved to dismiss Plaintiff's complaint, arguing: (1) since Plaintiff's employment was terminated in 2007, and Plaintiff admits that no discriminatory acts are ongoing, her claims are untimely, and (2) the settlement agreement Plaintiff signed in 2007 provided for the release of all claims.

---

[2] The facts and procedural history are taken from the R&R, unless otherwise noted.

### III. Magistrate Judge Pitman's R&R

A complaint may be dismissed as untimely when the plaintiff's allegations themselves demonstrate that relief is barred by the applicable statute of limitations. Jones v. Bock, 549 U.S. 199, 214-15 (2007). Discrimination claims brought under Title VII and the ADEA must be filed with the EEOC within 300 days of the alleged discriminatory act. See Cuttler v. Fried, Frank, Harris, Shriver & Jacobson, LLP, 10 Civ. 296 (DAB), 2012 WL 1003511 *4 (S.D.N.Y. Mar. 23, 2012) (Batts, D.J.), (citing 42 U.S.C. § 200e-5(e) (1)). "The filing period begins to run for each discrete discriminatory act when each such act occurs." Murray v. Visiting Nurse Servs., 528 F. Supp. 2d 257, 266 (S.D.N.Y. 2007) (Sullivan, D.J.), (citing Nat'l R. R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002)).

Magistrate Judge Pitman found that Plaintiff affirmatively alleges that the last discriminatory act took place in 2007, and "offers no colorable argument why her claims are timely." (R&R 6-7.) He thus concluded that Plaintiff's claims are untimely, as they were raised well beyond the 300 day limitations period. (Id.) Accordingly, Magistrate Judge Pitman recommended that the Court grant Ponce De Leon's motion to dismiss.

## DISCUSSION

### I. Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the recommendations of the magistrate judge, the court reviews the contested issues de novo. Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998). The Court, however, "may adopt those portions of the Report to which no objections have been made and

which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

## II. Objections

In her objections, Plaintiff states that she was aware of the limitations period and had raised "[t]he allegations [she] is making now" to the EEOC "years ago." (Objections at 3.) She recognizes that those claims resulted in a settlement in the amount of $43,000, which she agreed to in 2007, but nonetheless seeks a "reinvestigation" of her case due to a fraudulent misrepresentation. (Objections 2-3.)

Plaintiff's objections make clear that the issues raised in the instant complaint occurred before 2007, and were resolved through a settlement agreement Plaintiff signed in 2007. Plaintiff had to, but did not, raise any remaining Title VII or ADEA claims with the EEOC within 300 days of the alleged discriminatory act. Cuttler, 2012 WL 1003511 *4. Plaintiff's wish to have a "do-over" of her investigation at this point, five years after the alleged discrimination took place, is not a colorable basis to find her claims are timely. Accordingly, Plaintiff's objections are without merit.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Pitman's R&R in its entirety. The Clerk of Court is directed to enter judgment and terminate this case.

Pursuant to 28 U.S.C § 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
August 10, 2011

SO ORDERED

*Paul A. Crotty*

PAUL A. CROTTY
United States District Judge

4

Copies to:

Ms. Ines Figueroa
1001 Jerome Avenue (9A)
Bronx, New York 10452